# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONALD WOODRUFF, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 09-22-GPM |
| | ) |
| ILLINOIS DEPARTMENT OF CORRECTIONS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, an inmate at the Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). A complaint is plausible

on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. ___, 2009 WL 1361536, *13 (May 18, 2009).

### THE COMPLAINT

Plaintiff is currently incarcerated for a series of convictions. First, Plaintiff was convicted in DeWitt County, Illinois, and was sentenced to an indeterminate sentence of 60-100 years. Second, Plaintiff was convicted in Champaign County, Illinois, and sentenced to an indeterminate sentence of 75-150 years to run consecutively with the DeWitt County sentence. Third, Plaintiff was convicted in Cook County, Illinois, and sentenced to an indeterminate term of 4-12 years to run concurrent with the DeWitt County conviction. Lastly, Plaintiff was convicted in McLean County, Illinois, and sentenced to 10 years imprisonment to run consecutively with Plaintiff's other sentences. Plaintiff notes that under Illinois law, his consecutive sentences have been aggregated and, therefore, he is currently serving a term of 145-260 years imprisonment.

The gravamen of Plaintiff's complaint is that Defendants have improperly calculated his good time credit which, in turn, has led to an improper calculation of his parole eligibility date. Petitioner contends that if his good time credits and parole eligibility are properly calculated, then he would already be eligible for parole and he would have already appeared before the Illinois Prisoner Review Board (Review Board) to be considered for release on parole. Plaintiff claims that by improperly calculating his good time credits and, therefore, his parole eligibility dates, Defendants have denied him of his liberty interest to appear before the Review Board in violation of the Due Process Clause. Additionally, Plaintiff claims that by denying him parole eligibility, Defendants have subjected him to "cruel and unusual punishment" in violation of the Eighth

Amendment.

In his complaint, Plaintiff makes reference to two court actions that are relevant to the instant § 1983 action. First, Plaintiff states that he sought a writ of mandamus from the Livingston County Circuit Court seeking to compel some Defendants to immediately produce him before the Review Board and to restore his good time credits. The Livingston County Circuit Court denied Plaintiff mandamus relief, and its decision was affirmed by the Illinois Court of Appeals. Plaintiff contends, however, that Defendants lied and misled both courts and, therefore, he was denied due process of law and his Eighth Amendment rights were further violated by an extension of his incarceration.

Second, Plaintiff states that he filed an action in the United States District Court for the Central District of Illinois, *Woodruff v. Illinois Department of Corrections*, No. 1:08-cv-1149-JBM (C.D. Ill.). The Central District is treating Plaintiff's action as an application for a writ of habeas corpus seeking proper application of Plaintiff's good time credit. *Id.* (Order dated Oct. 29, 2008). Plaintiff's habeas petition is still pending in the Central District of Illinois.

Because Plaintiff currently has an action seeking proper application of his good time credits, he phrases the instant action as one seeking declaratory, injunctive, and monetary relief for being denied his appearance before the Review Board and for being denied his state writ of mandamus. However, Plaintiff's claim for injunctive relief includes a prayer for an injunction "enjoining the defendants from depriving any inmate sentenced prior to February of 1978 to a hearing before the Illinois Parole Board."

### DISCUSSION

Plaintiff's complaint must be dismissed pursuant to 28 U.S.C. § 1915A. First, Plaintiff cannot sue Defendants simply because he lost in state court on his application for a writ of

mandamus to compel Defendants to bring him before the Review Board. Litigation is an adversarial process, and it is to be expected that each side will present the facts and law in the light most favorable to it. Attorneys – even those employed by the state – are immune from liability under § 1983 for presenting the state's case. *Van De Kamp v. Goldstein*, 129 S. Ct. 855, 861 (2009); *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). This immunity extends even to allegations that the attorney falsified or withheld evidence. *Heidelberg v. Hammer*, 577 F.2d 429, 432 (7th Cir. 1978). If the state court reaches a conclusion that Plaintiff thinks is erroneous, the process due him is to appeal the decision – if necessary all the way to the highest state court. Plaintiff pursued his mandamus claim to the Illinois Court of Appeals and lost. His loss does not translate into a federal § 1983 action against his opponents.

With regard to Plaintiff's claim that he is being denied due process because he is being improperly denied an appearance before the Review Board, there appear to be at least two obstacles to the instant § 1983 action. First, Plaintiff's due process claim appears to depend on whether he is entitled to certain good time credits. As noted above, Plaintiff's claim that he is entitled to appear before the Review Board depends (in part) on the correct application of certain good time credits. As also noted above, however, the amount of good time credits (if any) that Plaintiff is entitled to receive is currently being litigated in Plaintiff's habeas corpus action. Until the Central District court resolves the question of how much good time credit (if any) Plaintiff is entitled to receive, Plaintiff has not established that he is entitled to appear before the Review Board. Consequently, Plaintiff has not established that he has been deprived of any protected interest in appearing before the Review Board.

Second, assuming that Plaintiff's due process claim does not depend on the amount of good

time credit that the Central District court may ultimately award him, Plaintiff's claim appears to be barred by *res judicata*. Specifically, in connection with Plaintiff's mandamus action, the Illinois Court of Appeals rejected Plaintiff's arguments regarding how the relevant statutes applied to Plaintiff's sentences. *Woodruff v. Snyder*, Case No. 4-02-0997 (Ill. App. Dec. 3, 2003).[1] The Illinois Court of Appeals held:

> Plaintiff here has three sentences to serve (1) 60 to 100 years, (2) 75 to 160 years, and (3) 10 years. The second and third sentences are consecutive to the first, and as to the 10-year determinate term, to the second. The existence of a pending consecutive sentence effectively precludes parole consideration and, in effect, requires service of the second and third consecutive sentences. People v. Dandridge, 4 Ill. App.3d 864, 867, 282 N.E.2d 18, 21 (1972); People ex rel. Beadle v. Illinois Parole & Pardon Board, 40 Ill.2d 290, 292. 239 N.E.2d 782, 783 (1968), cert. denied, 393 U.S. 1070, 21 L. Ed.2d 715, 89 S.Ct. 730 (1969). As the condition precedent to parole consideration (service of the minimum terms or 20 years of each of the first two sentences plus service of at least one-third of the third sentence) has not occurred, there is no duty on the part of the defendants to act to grant plaintiff a parole hearing.

Because the Illinois Court of Appeals has ruled that, under Illinois law, Plaintiff is not entitled to a parole hearing, Plaintiff's claim to the contrary in this case must be dismissed. Plaintiff had his bite at the apple and lost. Therefore, Plaintiff's due process claim is dismissed.

With respect to Plaintiff's Eighth Amendment claims, there is no doubt Plaintiff believes that holding him without parole consideration (or holding him longer than his sentences prescribe) is "cruel." However, there is nothing in the complaint indicating that Plaintiff is being deprived of basic human needs like food, medical care, sanitation, and physical safety. Deprivations of these

---

[1] A copy of the Illinois Court of Appeals's decision was filed in *Woodruff v. Illinois Department of Corrections*, Case No. 1:08-cv-1149-JBM (C.D. Ill.) (Response, Exhibit H filed March 11, 2009).

basic human needs is necessary to establish an Eighth Amendment claim. *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981). Plaintiff's mental distress at being confined longer than he asserts is lawful does not state a claim under the Eighth Amendment.

### DISPOSITION

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's motion to proceed on handwritten forms (Doc. 2) is **GRANTED**. All other pending motions are **DENIED** as moot.

**IT IS SO ORDERED**.

DATED: 06/26/09

                                                 s/ *G. Patrick Murphy*
                                                 G. PATRICK MURPHY
                                                 United States District Judge